UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROLANDO SILVA MALDONADO,

                  Petitioner,

Criminal Case Number 10-20607
Civil Case Number 12-12789
Honorable David M. Lawson

UNITED STATES OF AMERICA,

                  Respondent.

_____/

**OPINION AND ORDER DENYING MOTION TO VACATE SENTENCE**

Petitioner Rolando Maldonado was convicted on his plea of guilty of possession with intent to distribute cocaine, pursuant to a plea agreement under Federal Rule of Criminal Procedure 11(b)(1)(C). He was sentenced on August 11, 2011 to a prison term of 120 months, well below the sentencing guideline range of 151 to 188 months, which was predicted in the plea agreement. Maldonado did not file a direct appeal from his conviction or sentence.

Now before the Court is the petitioner's motion to vacate the sentence pursuant to 28 U.S.C. § 2255, in which he alleges that (1) the Court erred when it denied his motion to suppress evidence; (2) the petitioner received ineffective assistance of counsel; and (3) the guilty plea was defective because the Court did not comply with Rule 11 by not advising the petitioner of the nature of the charge. The motion also contains a pre-emptive argument that the petitioner's guilty plea did not waive his right to file a motion under section 2255. The government has filed a response in opposition.

Before he pleaded guilty, the petitioner, through his attorney, filed three motions to suppress evidence and statements. The Court held an evidentiary hearing on those motions in January 2011. After ruling from the bench on two of the motions, the Court ordered supplemental briefs. After

those were filed, the Court issued a written opinion denying the remaining motion. Thereafter, the parties engaged in plea negotiations, which culminated in a plea hearing on March 17, 2011. Before that date, the petitioner filed a motion for reconsideration of the decision on the suppression motions and a motion for a bill of particulars on the forfeiture allegations in the indictment. Those motions were withdrawn at the plea hearing.

The original plea agreement predicted a sentencing guideline range of 63 to 78 months and called for a sentence at or below the top of that range. However, a presentence investigation revealed that the petitioner's true criminal history rendered him a career offender, exposing him to substantially greater punishment. The government then moved to withdraw from the plea agreement, which the Court permitted on August 16, 2011. The Court also allowed the petitioner to withdraw his guilty plea. The government then procured a superseding indictment, which charged the petitioner with being a felon in possession of a firearm and being an armed career criminal, possession of a firearm in furtherance of a drug trafficking crime, possession with intent to distribute cocaine, and conspiracy to possess with intent to distribute a controlled substance. The petitioner was arraigned on the superseding indictment on August 18, 2011 and entered a new guilty plea on that date with a revised plea agreement. The new plea agreement predicted a guideline range of 151 to 188 months, but the government agreed not to seek a sentence greater than 120 months. The Court held a plea hearing and accepted the petitioner's guilty plea to possession with intent to distribute cocaine. The government dismissed the other three counts, as promised. The Court sentenced the petitioner that same day in accordance with the plea agreement, since a presentence report had been prepared already. As mentioned above, no direct appeal was filed.

A federal prisoner challenging his sentence under section 2255 must show that the sentence "was imposed in violation of the Constitution or laws of the United States," the sentencing court lacked jurisdiction, the sentence exceeds the maximum penalty allowed by law, or "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "A prisoner seeking relief under 28 U.S.C. § 2255 must allege either: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)).

The petitioner contends he is entitled to a hearing on his claims. The Court disagrees. As the Sixth Circuit explained, no hearing is required when "'the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Smith v. United States*, 348 F.3d 545, 550 (6th Cir. 2003) (quoting *Fontaine v. United States*, 411 U.S. 213, 215 (1973)); *see also Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996) (holding that "evidentiary hearings are not required when . . . the record conclusively shows that the petitioner is entitled to no relief."); *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013). Moreover, "when the trial judge also hears the collateral proceedings . . . that judge may rely on his recollections of the trial in ruling on the collateral attack." *Blanton*, 94 F.3d at 235 (citing *Blackledge v. Allison*, 431 U.S. 63, 74 n.4 (1977)). As discussed below, there is no need to hold a hearing to determine that the petitioner is not entitled to relief on his claims.

A.

In presenting his first issue — that the Court should have granted his motions to suppress evidence — Maldonado faces two major obstacles. First, the denial of the motion preceded his

guilty plea. "A voluntary and unconditional guilty plea waives all non-jurisdictional defects in the proceedings." *United States v. Ormsby*, 252 F.3d 844, 848 (6th Cir. 2001). An exception to that rule is found in conditional guilty pleas, which require a defendant to specify in writing the issues preserved for appeal, and then only with the government's consent. Fed. R. Crim. P. 11(a)(2); *see United States v. Bell*, 350 F.3d 534, 535 (6th Cir. 2003) (holding that "a defendant who pleaded guilty may not appeal an adverse ruling on a pre-plea motion to suppress evidence 'unless he has preserved the right to do so by entering a conditional plea of guilty in compliance with' Rule 11(a)(2)" (quoting *United States v. Herrera*, 265 F.3d 349, 351 (6th Cir. 2001))). Maldonado's guilty plea was unconditional, as the parties specifically noted in response to the Court's inquiry.

Second, the present proceeding is not even a direct appeal, but rather a collateral attack on the conviction. A challenge to the validity of a search or seizure under the Fourth Amendment cannot be made in collateral proceedings when the petitioner had a fair and full opportunity to raise the issue before trial and on direct appeal. *Stone v. Powell*, 428 U.S. 465, 494 (1976); *Ray v. United States*, 721 F.3d 758, 761-62 (6th Cir. 2013) (holding that "*Stone* applies when federal prisoners seek to raise Fourth Amendment claims by way of motions filed under § 2255"). The petitioner had such an opportunity here, although he chose not to file a direct appeal.

Maldonado is not entitled to relief on his first claim.

B.

The petitioner next contends that he did not receive the assistance of effective and competent counsel. His complaints about his lawyer's performance are generalized; he states in his motion that he was not happy with the way his attorney was handling his case, and he asked the Court to replace

him. The following grievances can be discerned from the motion papers: (1) defense counsel could not hear or follow the proceedings; and (2) he did not litigate the suppression issue effectively, in that he (a) did not introduce exculpatory evidence; (b) elicited unfavorable evidence, and (c) did not object to issues that Maldonado wanted argued. The petitioner has not identified any specific facts that support these general complaints.

The two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), governs claims of ineffective assistance of counsel. *Towns v. Smith*, 395 F.3d 251, 258 (6th Cir. 2005). To show a violation of the Sixth Amendment right to effective assistance of counsel, a petitioner must establish that his attorney's performance was deficient and that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. An attorney's performance is deficient if "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. The petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. The Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead [has] emphasized that the proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (quoting *Strickland*, 466 U.S. at 688) (internal quotes omitted).

An attorney's deficient performance is prejudicial if "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. The petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability

sufficient to undermine confidence in the outcome." *Id.* at 694. Unless the petitioner demonstrates both deficient performance and prejudice, "it cannot be said that the conviction [or sentence] . . . resulted from a breakdown in the adversary process that renders the result unreliable." *Id.* at 687.

The *Strickland* framework applies to claims of ineffective assistance of counsel arising from a guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985); *Carter v. Collins*, 918 F.2d 1198, 1200 (5th Cir. 1990). The first prong of the test remains the same. *Ibid.* However, the prejudice requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill*, 474 U.S. at 59. "In other words, . . . the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Ibid.*; *Carter*, 918 F.2d at 1200; *see also Smith*, 348 F.3d at 551-52.

The petitioner has not identified any specific conduct by defense counsel that even approaches deficient performance. Defense counsel vigorously litigated the Fourth Amendment challenge by filing three motions and conducting a hearing. At the hearing, he cross-examined the government's witnesses effectively, cited the relevant law, and filed opening and supplemental briefs. The petitioner has not suggested that there was any particular part of the proceedings defense counsel did not hear, or point to any segment of the hearings where defense counsel was inattentive. The petitioner has not identified evidence that was not offered or explained how it might have been exculpatory. He has not pointed to any evidence in the record elicited by defense counsel that can be characterized as unfavorable. And he has not specified any issues that he wanted argued. In fact, at the plea hearing — which followed the suppression motion hearing by several months — the petitioner stated on the record that he was satisfied with his attorney's performance. There is no showing that defense counsel engaged in conduct that fell below "prevailing professional norms."

Nor can Maldonado demonstrate prejudice flowing from the alleged inadequate representation. "A defendant challenging his attorney's conduct during plea bargaining 'must show that counsel did not attempt to learn the facts of the case and failed to make a good-faith estimate of a likely sentence. He must also show that his lawyer's deficiency was a decisive factor in his decision to plead guilty.'" *Short v. United States*, 471 F.3d 686, 692 (6th Cir. 2006) (quoting *United States v. Cieslowski*, 410 F.3d 353, 358-59 (7th Cir. 2005)). Nowhere in the petitioner's motion or reply brief does he state he would not have pleaded guilty absent his attorney's allegedly ineffective assistance. That dooms his ineffective assistance claims.

C.

The petitioner also contends that the Court did not adhere to Rule 11's requirement that a defendant be informed of the nature of the charges against him. That issue is beyond the scope of review under section 2255. It was not raised on direct appeal, and the time to raise it has expired. A claim that could have been raised on direct appeal generally is not reviewable in a section 2255 motion. *Bousley v. United States*, 523 U.S. 614, 621 (1998) (holding that "even the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review"); *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) (reaffirming that "[s]ection 2255 is not a substitute for a direct appeal, and thus a defendant cannot use it to circumvent the direct appeal process"). In *United States v. Frady*, 456 U.S. 152 (1982), the Supreme Court observed:

> Once the defendant's chance to appeal has been waived or exhausted, however, we are entitled to presume he stands fairly and finally convicted, especially when, as here, he already has had a fair opportunity to present his federal claims in a federal forum. Our trial and appellate procedures are not so unreliable that we may not afford their completed operation any binding effect beyond the next in a series of endless postconviction collateral attacks. To the contrary, a final judgment

>commands respect. For this reason, we have long and consistently affirmed that a collateral challenge may not do service for an appeal.

*Frady*, 456 U.S. at 164-65; *accord Elzy v. United States*, 205 F.3d 882, 884 (6th Cir. 2000) (stating that "respect for the finality of judgments demands that collateral attack generally not be allowed to do service for an appeal"). Where a defendant fails to assert claims on direct appeal and attempts to raise them in a section 2255 motion, "he also must show either that (1) he had good cause for his failure to raise such arguments and he would suffer prejudice if unable to proceed, or (2) he is actually innocent." *Regalado*, 334 F.3d at 528. Maldonado has established neither.

Moreover, the claim simply is not supported by the record. The elements of the crime are set forth in the written plea agreement that was reviewed and signed by the petitioner. The Court inquired of the petitioner whether his lawyer explained the elements of the crime and told him how the government's evidence would satisfy them, and the petitioner acknowledged that he had. The Court recited the elements of the crime on the record, and the petitioner acknowledged that the government could prove them if he chose to proceed to trial. And all of that happened twice, because the government withdrew from the first plea agreement after an initial plea hearing.

Maldonado is not entitled to relief on this claim.

### D.

Maldonado also argues that the plea agreement does not preclude a motion under 28 U.S.C. § 2255, as he did not waive his right to bring such a motion. He is correct. However, the government has not asserted a waiver in response to the present motion.

* * * * * * * * * * * *

The petitioner is not entitled to relitigate his Fourth Amendment claims in this proceeding because he had a full and fair opportunity to do so earlier. His attorney provided the effective

assistance contemplated by the Sixth Amendment. And there was no defect in the guilty plea proceedings in this case.

Accordingly, it is **ORDERED** that the petitioner's motion to vacate his sentence [dkt. #62] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: February 10, 2015

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 10, 2015.

s/Susan K. Pinkowski
SUSAN K. PINKOWSKI

---