UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROLANDO SILVA MALDONADO,

        Petitioner,

v.                                                    Criminal Case Number 10-20607
                                                      Civil Case Number 12-12789

UNITED STATES OF AMERICA,            Honorable David M. Lawson

        Respondent.
_____/

**<u>ORDER DENYING MOTION TO REDUCE SENTENCE UNDER 18 U.S.C. § 3582(c)(2)</u>**

Presently before the Court is the defendant's motion seeking a reduction of his sentence based on a retroactive application of the sentencing guidelines.

The defendant suggests that he is entitled to a reduction of his sentence under Guideline Amendment 782, which lowers the guideline ranges that are based on types and quantities of controlled substances in the Drug Quantity Table. USSG § 2D1.1(c). On August 18, 2011, the defendant pleaded guilty to possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). The Court sentenced the defendant to a total term of imprisonment of 120 months based on a sentencing guideline range of 151 to 188 months. The guideline range was calculated using the career offender provisions of the guideline manual. USSG § 4B1.1.

Under 18 U.S.C. § 3582(c)(2), a court may modify a term of imprisonment after it is imposed only under certain conditions:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment *based on* a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. (emphasis added).

The defendant is not eligible for a sentence reduction because the defendant's sentence was based on the career offender guidelines rather than USSG § 2D1.1(c), which was amended by Guideline Amendment 782. *See United States v. Thompson*, 714 F.3d 946, 949 (6th Cir. 2013) (holding that a defendant sentenced as a career offender is not eligible for a reduction because his sentence was not *based on* the crack cocaine guidelines).

Accordingly, it is **ORDERED** that the defendant's motion for a sentence reduction pursuant to Title 18 U.S.C. § 3582(c)(2) [dkt. #75] is **DENIED.**

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: October 7, 2015

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 7, 2015.

s/Susan Pinkowski
SUSAN PINKOWSKI